IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIFFANY CERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. _____ |
| | ) |
| STELLAR RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TIFFANY CERRA, by and through undersigned counsel, and for his complaint against the Defendant, STELLAR RECOVERY, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Tiffany Cerra ("Plaintiff") is a natural person who resides in Jefferson City, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, §1692a(3).

1

6. Stellar Recovery, Inc. ("Stellar") is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. Stellar is a "debt collector" as that term is defined by the FDCPA, § 1692a(6).

## IV.  ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a bill from Dish Network ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, § 1692a(5).

9. On or about May 27, 2016 Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

10. On or about October 25, 2016 Plaintiff's counsel sent notice of representation to Stellar.

11. On or about November 4, 2016 Stellar received Plaintiff's notice of representation.

12. After receiving notice of representation, Stellar called Plaintiff's cell phone directly, including calls made on or about November 22, 2016 and December 1, 2016.

13. Stellar also sent Plaintiff a letter on or about December 13, 2016.

14. Despite receiving notice that Plaintiff was represented by an attorney, Stellar continued to contact Plaintiff directly.

15. Steller's contacts with Plaintiff were voluntary, not mandated by law and were made in the course of attempting to collect a debt from Plaintiff and so were communications as that term is defined in § 1692c of the FDCPA.

16. These communications by Stellar violated § 1692c(2) in that Stellar contacted Plaintiff after receiving notice that the consumer was represented by an attorney.

## VII. JURY DEMAND

Plaintiff humbly requests a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tiffany Cerra, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Stellar and for Plaintiff;

b.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Stellar and for Plaintiff;

c.  Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Stellar and for Plaintiff;

d.  Any other relief deemed appropriate by this Honorable Court.

**Dated:**

> Respectfully submitted,
> CREDIT LAW CENTER, LLC
> **/s/ Keith N. Williston**
> Keith N. Williston #69433
> 255 NW Blue Parkway, Suite #200A
> Lee's Summit, MO 64063
> Tele: (816) 246-7800
> Fax: (855) 523-6884
> keithw@creditlawcenter.com
> **ATTORNEY FOR PLAINTIFF**